**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KEENAM PARK and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LUKE CHOI, an individual

---

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/08/2019** at 12:29:04 PM

Clerk of the Superior Court
By Yesica Campos, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Central Justice Center

700 West Civic Center Dr.

Orange, CA 92702

**CASE NUMBER:**
*(Número del Caso):*

30-2019-01042953-CU-CO-CJC

Judge Sheila Fell

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Kiarash Kay Jafari / Christopher K. Jafari - 1 Park Plaza, Sixth Floor, Irvine, CA 92614 PH: (949) 852-4454

DATE: 01/08/2019   DAVID H. YAMASAKI, Clerk of the Court   Clerk, by _____ , Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

Yesica Campos

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Kiarash Kay Jafari, Esq. SBN 299610 / Christopher K. Jafari, Esq. SBN 219971<br>Law Offices of Christopher K. Jafari<br>1 Park Plaza, Suite 600<br>Irvine, CA 92614<br>TELEPHONE NO.: 949-852-4454   FAX NO.: 949-852-4453<br>ATTORNEY FOR (Name): Luke Choi, Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**01/08/2019** at 12:29:04 PM<br>Clerk of the Superior Court<br>By Yesica Campos, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS:
MAILING ADDRESS: 700 West Civic Center Dr.
CITY AND ZIP CODE: Santa Ana, CA 92702
BRANCH NAME: Central Justice Center

CASE NAME:
Luke Choi v. Keenam Park

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2019-01042953-CU-CO-CJC<br>JUDGE: Judge Sheila Fell<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [✓] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action (specify): 2
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 8, 2019
Kiarash Kay Jafari, Esq.
(TYPE OR PRINT NAME)     ▶     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
01/08/2019 at 12:29:04 PM
Clerk of the Superior Court
By Yesica Campos, Deputy Clerk

LAW OFFICES OF CHRISTOPHER K JAFARI
KIARASH KAY JAFARI  BAR No. 299610
CHRISTOPHER K JAFARI BAR No. 219971
1 PARK PLAZA, SIXTH FLOOR
IRVINE, CA 92614
Telephone: (949) 852-4454
Facsimile: (949) 852-4453
Attorneys for Plaintiff Luke Choi

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| LUKE CHOI, an individual;<br><br>Plaintiff,<br><br>v.<br><br>KEENAM PARK and DOES 1-10, inclusive<br><br>Defendants. | Case No.: 30-2019-01042953-CU-CO-CJC<br>Judge Sheila Fell<br><br>COMPLAINT FOR DAMAGES:<br><br>1. BREACH OF WRITTEN CONTRACT (PROMISSORY NOTE)<br><br>2. COMMON COUNT: MONEY HAD AND RECEIVED |

Plaintiff Luke Choi alleges in this Complaint ("Complaint") as follows:

**GENERAL ALLEGATIONS**

1. At all times material to this Complaint, Plaintiff Luke Choi (hereinafter "Plaintiff") is an individual, residing in the County of Orange, State of California.

2. At all times material to this Complaint, Defendant Keenam Park is an individual who conducts business in the County of Orange, State of California.

3. Plaintiff is ignorant of the true names or capacities whether individual, corporate, associate or otherwise, of defendants sued herein as DOES 1 to 10, inclusive, and therefore sues these defendants by such fictitious names. When the true names and

1

COMPLAINT

capacities of these defendants become known, Plaintiff will amend this Complaint to allege their true names and capacities and will pray leave to amend with the proper allegations made against said defendants.

4. Venue is proper in the Central Justice courthouse in the California Superior Court, County of Orange, as the acts alleged in this Complaint occurred in Orange County, California, Defendant conducts business within said county and jurisdiction, and the parties assented to jurisdiction within the state of California, as the subject instrument is entitled, "California Promissory and Installment Note."

5. The California Superior Court has jurisdiction over this action pursuant to Article VI Section 10 of the California Constitution, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other trial courts."

6. Prior to the commencement of this action, in or about November of 2015, Plaintiff became Defendant's business partner and shareholder in an education-related business commonly known as "K & B Education Group, LLC" (hereinafter the "Business"). In addition to his time and efforts, Plaintiff had invested the sum of $1,580,000.00 into the Business.

7. In or about the summer of 2018, a dispute arose between the parties with respect to Defendant's use of Plaintiff's investment money.

8. On August 6, 2018, the dispute was resolved by way of the parties' agreement for Plaintiff to give up all of his interest in the Business to Defendant and release Defendant and the Business from any potential derivative actions by Plaintiff in exchange for Defendant's personal promise to pay Plaintiff the total sum of $3,000,000.00 through monthly installments of $250,000.00 beginning on the last day of August of 2018 and ending on the last day of July of 2019 (hereinafter "Agreement").

COMPLAINT

9. Said Agreement concerning Defendant's promise to pay Plaintiff was executed in California and reduced in writing through a written instrument entitled, "California Promissory and Installment Note." The Agreement further called for a late fee of 5% that would be added for any payment that is not paid within 10 days of its due date.

## FIRST CAUSE OF ACTION
## BREACH OF WRITTEN CONTRACT (PROMISSORY NOTE)
### By Plaintiff against All Named and Does Defendants

10. Plaintiff incorporate herein by reference each of the allegations set forth in paragraphs 1 through 9, above.

11. Plaintiff has performed all of his conditions, covenants, and promises under the parties' agreement, including giving up his ownership interest in the Business to Defendant and releasing Defendant and the Business from any potential derivative claims he may have as a former shareholder of the Business.

12. As of the filing of this Complaint, Defendant breached the August 6, 2018 Agreement to pay Plaintiff the monthly installments by failing to make all but one partial payment in the end of August in the sum of $100,000.00, and a second payment for the end of October 2018 in the sum of $250,000.00. No other amount has been paid.

13. In addition to Defendant's failure to pay the $900,000.00 that remains due and owing, Defendant also owes Plaintiff the total sum of $57,500 in late fees ($12,500 per month for each $250,000 monthly payment missed and $7,500 for the unpaid sum of $150,000 for the month of August 2018) as of January 10, 2019.

14. As a result of Defendant's breach, Plaintiff has been damaged in the sum of $957,500.00 as of January 10, 2019, with interest accruing at the legal rate of ten percent (10%) per annum from the initial breach.

15. In the event that Defendant continues to breach the Agreement, then Plaintiff's total damages will be not less than $2,795,000.00 by July 31, 2019, with interest accruing at the legal rate of ten percent (10%) per annum.

## SECOND CAUSE OF ACTION
## COMMON COUNT: MONEY HAD AND RECEIVED
### By Plaintiff against All Named and Does Defendants

16. Plaintiff incorporate herein by reference each of the allegations set forth in paragraphs 1 through 15, above.

17. Defendant became indebted to Plaintiff through withholding the sum of $2,795,000.00 from Plaintiff, which was to be paid to Plaintiff pursuant to the parties' Agreement.

18. No part of that amount has been repaid, although payment has been demanded, leaving a balance due, owing and unpaid to Plaintiff in the amount of $2,795,000.00 plus 5% of each monthly $250,000.00 payment missed.

19. Thus, as of January 10, 2019, the sum of $900,000.00 is due and unpaid despite Plaintiff's demand, plus prejudgment interest at a rate of 10% per annum.

20. By July 31, 2019, the sum of $2,795,000.00 with interest accruing at the legal rate of ten percent (10%) per annum will become due and owing.

### PRAYER FOR RELIEF:

WHEREFORE, Plaintiff requests and prays for relief as follows:

1. For special damages for injuries and other monetary relief in a sum according to proof at trial pursuant for all causes of action;
2. For general damages in a sum according to proof at trial for all causes of action;
3. For prejudgment interest thereon at the legal rate of ten percent (10%) per annum;
4. For all statutory damages allowed under the underlying statutes applicable;
5. For costs of suit incurred herein; and,

6. For such other and further relief as the court deems proper.

DATED: January 8, 2019        Law Offices of Christopher K. Jafari

By: _____
Kiarash Kay Jafari, Esq.
Christopher K. Jafari, Esq.
Attorneys for Plaintiff Luke Choi

**SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE**

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

L1200 (Rev. Jul. 2018)    Page 1 of 4

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.**  There generally is less opportunity to find out about the other side's case with ADR than with litigation.  ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.**  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**TYPES OF ADR IN CIVIL CASES.**

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.
>
> **Cases for Which Arbitration May Not Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.
>
> **Cases for Which Mediation May Not Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

### ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials.  Sometimes parties will try a combination of ADR types.  The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA).  For information regarding DRPA, contact:
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:   Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:   Bar No: | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>**JUSTICE CENTER:**<br>☐ Central – 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center – 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500 | |
| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |

Plaintiff(s)/Petitioner(s), _____

and defendant(s)/respondent(s), _____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
　　☐ Under section 1141.11 of the Code of Civil Procedure
　　☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date: _____    _____    _____
　　　　　　　　　　　(SIGNATURE OF PLAINTIFF OR ATTORNEY)　　(SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____    _____    _____
　　　　　　　　　　　(SIGNATURE OF DEFENDANT OR ATTORNEY)　(SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use　　　　　　　　　　　　　　　　　　California Rules of Court, rule 3.221
L1270 (Rev. Jul. 2014)

Investment, CFO Employment, and Partnership Agreement

This agreement is entered into as of November 21, 2015, by and between K & B Education Group, LLC (EduBoston) ("Company") and Luke Choi, an individual California resident ("Investor", "CFO", "Partner")

1. Company agrees to issue and sell 10 Percent of Company's Class A Shares to Luke Choi, free and clear of any liens, claims, charges and encumbrances whatsoever, and Luke Choi agrees to purchase price of $2,000,000. The payment date for the first $520,000 should be made by November 30th and another $980,000 should be made as soon as Choi's home line of credit is funded within December month or sooner. Luke Choi agrees to put additional $500,000 by September1, 2017 to make it total $2,000,000 for 10 percent of Company.
2. Park and Choi will come up with CFO's role and responsibility together. Luke Choi, as Company CFO, will start full employment on September 1, 2016 at $20,000 per month base salary. Luke Choi will start as Company CFO Consultant on January 1, 2016 at $10,000 per month until August 31, 2016.
3. Luke Choi will manage all of Company's investment portfolio of minimum $2,000,000 per year average starting March 1, 2016. As yearly bonus Luke Choi will get 35 percent of net profit and Keenam Park will get 65 percent of net profit from the Company's investment portfolio.
4. Keenam Park and Luke Choi agrees to invest on any future Insurance Company at 30 percent partnership for Luke Choi and 70 percent partnership for Keenam Park.
5. Luke Choi, as Company CFO, have option to buy 1 percent of Company per year at $200,000 for next 5 years with additional 1 percent bonus each year starting December 1, 2016 (1percent as CFO bonus and 1 percent for $200,000 purchase). If Choi does not exercise his option to buy 1 percent of Company each year Choi will only get 1 percent bonus of Company each year for 5 years. Any tax gain is responsibility of each party.
6. Keenam Park agrees to give 2 percentage ownership of JZ Music School (Bachon Jazz Academy) to Luke Choi as CFO bonus.

In witness whereof, the parties hereto have duly executed this Agreement as of the day and year first hereinabove set forth.

COMPANY:

K & B Education Group, LLC (EduBoston)

By_____ Date_____

Keenam Park, CEO


INVESTOR

By_____ Date 11/23/15

Luke Choi, CFO

## California Promissory and Installment Note

Luke Choi desires to convert his investment of $1,580,000 made in K & B Education Group, LLC to a personal loan to Keenam Park as of August 3rd of 2018 with the fixed interest in the amount of $1,420,000 making the total owed amount to be $3,000,000. There will be no additional interest during the agreed payment period indicated below except the penalty for a late payment.

Keenam Park agrees with the total amount owed and agrees with the following payment schedule.

1. $250,000 due on the last day of August of 2018
2. $250,000 due on the last day of September of 2018
3. $250,000 due on the last day of October of 2018
4. $250,000 due on the last day of November of 2018
5. $250,000 due on the last day of December of 2018
6. $250,000 due on the last day of January of 2019
7. $250,000 due on the last day of February of 2019
8. $250,000 due on the last day of March of 2019
9. $250,000 due on the last day of April of 2019
10. $250,000 due on the last day of May of 2019
11. $250,000 due on the last day of June of 2019
12. $250,000 due on the last day of July of 2019

In the event any payment is not paid within 10 days of payment due date, Keenam Park shall pay 5% of due amount added to each payment due and unpaid.

By _____, Keenam Park   Date  Aug 6th, 2018

By _____, Luke Choi   Date _____