1  Gary A. Nye, Esq. (SBN 126104)
   Mi Kim (SBN 240413)
2  ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP
3  5820 Canoga Avenue, Suite 250
   Woodland Hills, California 91367
4  Telephone: (818) 992-9999
   Facsimile:  (818) 992-9991
5  Email:     gan@rpnalaw.com; mkk@rpnalaw.com

6  Attorneys for Keenam Park
   Defendant and Cross-Complainant
7

8

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                    **COUNTY OF ORANGE**

11

12  LUKE CHOI,                            Case No.  30-2019-01042953-CU-CO-CJC
                                          Assigned to: Hon. Sheila Fell
13           Plaintiff,
                                          **KEENAM PARK'S CROSS-COMPLAINT**
14  v.                                    **AGAINST LUKE CHOI FOR:**

15  KEENAM PARK and DOES 1-10,            **1.  DECLARATORY RELIEF**
    inclusive,                            **2.  USURY**
16                                        **3.  MONEY HAD AND RECEIVED**
17           Defendants.                  **    AND UNJUST ENRICHMENT**
                                          **4.  FRAUD AND MISREPRESENTATION**
18  _____

19  KEENAM PARK,
                                          Complaint Filed: January 8, 2019
20           Cross-Complainant,

21        v.

22  LUKE CHOI and ROES 1-10, inclusive,

23

24           Cross-Defendants.

25

26

27

28

                                     -1-
                             **CROSS-COMPLAINT**

Cross-Complainant Keenam Park ("Cross-Complainant Park" or "Cross-Complainant") alleges against Cross-Defendant Luke Choi ("Cross-Defendant Choi" or "Cross-Defendant) and Roes 1 through 10, inclusive (collectively, "Cross-Defendants"), as follows:

### THE PARTIES

1.      Cross-Complainant Park is, and at all times relevant to this action was, the Chief Executive Officer of K & B Education Group, LLC ("K & B"), a limited liability company organized and existing under the laws of the State of Massachusetts.   K & B operates an international education consulting firm based in, and operating out of, Allston, Massachusetts.

2.      Cross-Defendant Choi is and was, at all times relevant to this action, an individual residing in Orange County.

3.      Cross-Defendant Choi is not and was not, at all times relevant to this action, a registered or licensed commercial lender in California.

4.      Except as otherwise alleged, Cross-Complainant Park is not currently aware of the true names and capacities of the Cross-Defendants designated as Roes 1 through 10, inclusive, and will hereafter seek leave of court to amend this complaint in order to allege the true names and capacities of each such Cross-Defendant.  Cross-Complainant is further informed and believes and based thereon alleges that each of such fictitiously named Cross-Defendants has participated in some way in the wrongful acts and omissions alleged below, and is liable to Cross-Complainant for damages and other relief to which it is entitled.

### GENERAL ALLEGATIONS

A.      **K & B Agreement**

5.      In November of 2015, the parties entered into a contract entitled "Investment, CFO Employment, and Partnership Agreement" ("K & B Agreement").  (Exh. A [K & B Agreement].)

6.      The K & B Agreement requires Cross-Defendant Choi to, among other things:

(a)  invest $2,000,000 in K&B for 10% of K & B's Class A shares. (Exh. A, at ¶ 1).

(b)  make the first payment of $520,000 by November 30, 2015; the second payment of $980,000 within December 2015 or sooner; and, the final payment of $500,000 by September 1, 2017.  (Exh. A, at ¶ 1).

1              (c) work full-time for K & B as its CFO, first as a consultant beginning in January

2                    2016, and then as a full time employee beginning on September 1, 2016. (Exh.

3                    A, at ¶ 2).

4      7.      Cross-Defendant Choi failed to comply with each and every one of these contract

5 requirements. In particular, and without limitation, (i) Choi never invested the full $2,000,000, or

6 any amount close to that figure; and (ii) Choi never provided any CFO services or any services at

7 all, to K&B, whether as a consultant or a full time employee;

8      10.     In June 2018, Choi approached Park and indicated that he needed to convert his

9 equity interest in K&B to a loan as soon as possible. Choi indicated that his wife was extremely

10 upset over the manner in which Choi had invested and managed their money. Choi specifically

11 advised Park that Choi's marriage was on the brink of imminent divorce, and that Choi's wife had

12 threatened to leave Choi if the equity investment in K&B was not promptly converted to a loan.

13 Park indicated that converting the equity to a loan was extremely problematic given the ongoing

14 challenges to the business. The request to convert the loan was all the more troublesome because

15 Choi had not made his capital investment as required, and had performed absolutely no services

16 for the Company. Park reminded Choi that he was brought in as an investor not only to fuel the

17 anticipated growth of K&B, but also to assist Park in the massive administrative obligations of

18 running the day to day operations of K&B. Choi had done neither.

19      11.    Despite these issues, Park and Choi had been long term friends, and Park desired to

20 assist Choi with his marital problems, and making certain that Choi did not sustain a loss on his

21 investment in K&B. Park agreed to return Choi's entire cash investment in K&B to Choi, plus

22 interest, as long as K&B would have sufficient time to repay the monies based on its available

23 cash flow. In return, Choi would surrender any and all ownership in K& B that he acquired under

24 the K&B Agreement, and Park would relieve Choi of his obligation to make further substantial

25 monetary investment in K&B. Choi was excited and thrilled to be getting his money back, and to

26 have no obligation to further invest in K&B, and promptly agreed to these terms. Choi was

27 extremely grateful to Park for his willingness to help Choi out during this time of personal crisis.

28

12. Apparently, Choi's wife, Linda Choi, did not take the news well that Choi had agreed that his investment in K&B would only result in the return of his investment, plus interest, and would not result in the massive windfall and enormous return on investment that Linda Choi had believed would be coming. Fueled by anger and malice for Park, Linda Choi prepared a Promissory Note that (i) substantially overstated the amount of Choi's monetary investment in K&B claiming that Choi had invested $1,580,000 in K&B, and (ii) then added her pound of flesh by tacking on an annual interest rate of 90% per annum, brazenly seeking $1,420,000 in interest.

13. When Choi presented Park with the promissory note that his wife had prepared, Park immediately advised Choi that the amount of Choi's investment was overstated, that Park would not and could not agree to pay that insane amount of interest, that K&B could not possibly take that much money (or anything close to that amount) out of its operations over a one year period, and that Choi should be thrilled be getting his money back as K&B's value was now less than it was at the time of Choi's investment. Choi responded that he was well aware of all of that, but that his wife was so mad at Park (and Choi), and that Choi had to get this promissory note signed simply to save his marriage from immediate failure, but that Choi knew the promissory note would not be enforced or enforceable. Based on these representations and promises of his longstanding and trusted friend, Park executed the Loan Agreement so that Choi could keep his wife at bay while K&B gradually returned the monies that Choi had invested in K&B.

**B.     Personal Loan Agreement – Promissory Note**

14. In August of 2018, and based on the facts and representations of Choi set forth above, Cross-Complainant Park executed a personal loan agreement referred to in paragraphs 12 and 13, above, entitled, "California Promissory and Installment Note" ("Loan Agreement"). (Exh. B.)

15. The Loan Agreement, incorporated herein by reference, states:

> Luke Choi desires to convert his investment of $1,580,000 made in K & B Education Group, LLC to a personal loan to Keenam Park as of August 3rd of 2018 with the fixed interest in the amount of $1,420,000 making the total owed amount to be $3,000,000. There will be no additional interest during the agreed payment period indicated below except the penalty for a late payment.

-4-

(Exh. B.)   The penalty for late payment is 5% for any payments not paid within 10 days of the due date.  (Exh. B.)

16.     Pursuant to the Loan Agreement, Cross-Complainant Park is required to make twelve monthly payments of $250,000 (from August 2018 to July 2019) to Cross-Defendant Choi.

17.     Pursuant to the Loan Agreement, the interest purported to be charged is 90% ($1,420,000) of the principle loan amount ($1,580,000) over a one year period.

18.     Pursuant to the Loan Agreement, Cross-Complainant Park made two interest payments to Cross-Defendant Luke Choi totaling $350,000 in August and October of 2018.

19.     At all times relevant hereto, Cross-Defendant Choi was not licensed, qualified, or registered to do business in California as a commercial lender.

20.     Cross-Defendant Choi willfully entered into a loan transaction with Cross-Complainant Park to receive the rate of interest of 90% over a one year period.

## FIRST CAUSE OF ACTION

### (Declaratory Relief)

21.     Cross-Complainant Park incorporates by reference the above-numbered paragraphs 1-20 of the Cross-Complaint as though fully restated herein.

22.     An actual and justiciable controversy exists between the parties as to their respective rights and obligations under the Loan Agreement (Exh. B). Cross-Complainant Park contends that some or all provisions in the Loan Agreement are illegal, void, and/or unenforceable.  Cross-Defendant Choi contends to the contrary in his complaint.

23.     Cross-Complainant Park seeks the following declarations regarding his obligations, and those of Cross-Defendant Choi, under the Loan Agreement:

(a)     The loan transaction evidenced by the Loan Agreement is, under law and equity, a loan, subject to applicable usury limitations on the maximum permissible rate of interest which may be charged and recovered; and,

(b)     Cross-Defendant Choi may not enforce or collect any amount from Cross-Complainant Choi beyond return of the principal of the loan, because the interest

1   rate evidenced in the Loan Agreement exceeds the maximum permissible rate set

2   forth in Cal. Const. Art. XV, §1; and,

3   (c)   The interest provisions of the Loan Agreement are void and unenforceable;

4   (d)   That the Loan Agreement should be reformed to state the actual amount of Choi's

5   investment in K&B, with interest payable at a rate allowable by law.

6

7   **SECOND CAUSE OF ACTION**

8   **(Usury)**

9   24.   Cross-Complainant Park incorporates by reference the above-numbered

10   paragraphs 1-23 of the Cross-Complaint as though fully restated herein.

11   25.   Cross-Defendant Choi willfully intended to enter into the personal loan

12   transaction documented in the Loan Agreement (Exh. B), and to receive the rate of interest of

13   90% over the course of one year.  This rate of interest on the loan is usurious in violation of

14   section 1(1) of article XV of the California Constitution, which provides that the interest rate on

15   a personal loan may not exceed 10% per annum.

16   26.   Within one year preceding the bringing of this action, Cross-Complainant Park

17   made interest payments to Cross-Defendant Luke Choi totaling $350,000.

18   27.   Cross-Complainant Park is entitled to recover the sum of $350,000 as interest

19   paid to Cross-Defendant Choi as money had and received and, in addition, under Civ. Code §

20   1916.3, subd. (a), Cross-Complainant Park is entitled to recover three times the interest paid

21   within one (1) year of the filing of this complaint, in the amount of $1,050,000.

22   28.   Cross-Complainant Park is informed and believes, and on that basis alleges, that

23   Cross-Defendant willfully and maliciously acted to cause the interest charged to Cross-

24   Complainant Park to exceed the maximum permissible rate allowed by law in that he charged a

25   90% interest rate per annum, which exceeds the permissible maximum interest rate by 80%, and

26   that this conduct justifies an award to plaintiff of exemplary damages.

27   //

28   //

**THIRD CAUSE OF ACTION**

**(Money Had and Received
and Unjust Enrichment)**

29.    Cross-Complainant Park incorporates by reference the above-numbered paragraphs 1-28 of the Cross-Complaint as though fully restated herein.

30.    Cross-Defendant Choi, by the actions alleged above, has collected money from Cross-Complainant Park under such circumstances that in equity and good conscience Cross-Defendant cannot retain, and which in justice and fairness belongs to Cross-Complainant Park.

31.    Cross-Defendant Choi has become indebted to Cross-Complainant Park in the amount of the interest paid within the last year totaling $350,000.   No part of these sums have been repaid to Cross-Complainant Park.

32.    As a result of the violations described above, Cross-Defendant Choi has unjustly enriched himself at the expense of Cross-Complainant.   Choi's unjust enrichment continues to accrue as he continues to attempt to collect on the usurious interest through the filing of his complaint.

33.    To prevent unjust enrichment, Cross-Defendant Choi should be required to fully refund, together with interest thereon, and provide restitution of its ill-gotten usurious interest, and fruits of those gains, and reasonable attorneys' fees and costs to Cross-Complainant.

**FOURTH CAUSE OF ACTION**

**(Fraud and Misrepresentation)**

34.    Cross-Complainant Park incorporates by reference the above-numbered paragraphs 1-33 of the Cross-Complaint as though fully restated herein.

35.    Beginning in June 2018, and continuing until early August 2018, Choi represented to Park that (i) he knew that the amount of Choi's investment as provided in the Loan Agreement was overstated, (ii) he knew Park would not and could not agree to pay that insane amount of interest on a one year payout, (iii) Choi was pleased to be getting his money back as K&B's value was now less than it was at the time of Choi's investment; and (iv) that the Loan Agreement would not be enforced or enforceable, but that Choi needed Park to execute the Loan Agreement so that he could save his marriage, and keep his wife at bay while K&B

1  gradually returned the monies that Choi had invested in K&B.. These representations were false
2  at the time they were made, and Choi knew them to be false.

3      36.    In justifiable reliance on these representations and promises of his longstanding
4  and trusted friend, Park executed the Loan Agreement so that Choi could keep his wife calm
5  while K&B gradually returned the monies that Choi had invested in K&B. In further justifiable
6  reliance on the representations made by Choi, Park complied with his earlier promises to return
7  to Park all monies he has invested in K&B, and began to do so making a payment of $100,000 to
8  Choi on October 2, 2018, and a payment of $250,000 on November 29, 2019.  Apparently, Choi
9  had not shared his earlier promises and representations to Park with his wife, and when Park was
10  unable to make payments pursuant to explicit terms of the Loan Agreement, Choi apparently
11  changed course, and now contends the Loan Agreement is fully enforceable in accordance with
12  its terms.   Obviously, had Park known that Choi intended to enforce the Loan Agreement,
13  despite his express representations to the contrary, Park would not have executed the Loan
14  Agreement and would have simply allowed Choi to laughs as a minority shareholder with no
15  foreseeable income/profit stream, and a substantial obligation to further invest in K&B

16      37. As a direct and proximate result of the Choi's actions, Park has been
17  damaged in an amount according to proof.

18      38.    These acts of Choi were malicious, fraudulent, and oppressive, justifying an award
19  of punitive damages against Choi.

20      39.    The failure of the Loan Agreement to express the true intention of the
21  parties was the result of fraud on the part of Choi, as fully described above. As a result of Choi's
22  fraud, Park requests that the Loan Agreement be reformed to comply with law and to reflect the
23  true intent of the parties (i.e., that Park would return Choi's entire cash investment in K&B to
24  Choi, plus interest, as long as K&B would have up to a year to repay the monies), by revising to
25  state the actual amount of Choi's investment in K&B, and to include an interest rate permitted by
26  law.

27  //
28  //

**PRAYER FOR RELIEF**

WHEREFORE, Cross-Complainant Park prays for judgment against Cross-Defendant Choi, as follows:

1. Declaring the respective rights and obligations of the parties under the Loan Agreement as set forth in the first cause of action;

2. For money had and received for the interest paid to Choi within the last year in the sum of $350,000;

3. For assessment of a penalty of $1,050,000, being three times the interest paid to Choi within the last year;

4. That the Loan Agreement should be reformed to state the actual amount of Choi's investment in K&B, with interest payable at a rate allowable by law.

5. For punitive and exemplary damages in an amount appropriate to punish or set an example of Cross-Defendant;

6. For damages for injuries and other monetary relief in a sum according to proof;

7. For reasonable attorney's fees and costs incurred by Cross-Complainant in connection with this action;

8. For such other and further relief as the court deems just and proper.

DATED: April 2, 2019                    ROXBOROUGH, POMERANCE, NYE & ADREANI LLP


By:  _____
     GARY A. NYE
     MI KIM
     Attorneys for Cross-Complainant
     KEENAM PARK

1

**PROOF OF SERVICE**

2 STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

3

4           I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 5820 Canoga Avenue, Suite 250, Woodland Hills, California 91367.

5

6           On April 2, 2019, I served the foregoing document described as **KEENAM PARK'S CROSS-COMPLAINT TO LUKE CHOI** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as

7 follows:

8 Kiarash Kay Jafari, Esq.                              Attorneys for Plaintiff Luke Choi
Christopher K. Jafari, Esq.

9 Law Offices of Christopher K Jafari
Park Plaza, Sixth Floor

10 Irvine, CA 92614
Telephone: (949) 852-4454

11 Facsimile: (949) 852-4453

12

13 ☒    **BY U.S. MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with

14       the U.S. Postal Service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date

15       is more than one day after date of deposit for mailing in affidavit.

16 ☐    **BY ELECTRONIC MAIL:** I caused such documents listed above to be transmitted via e-mail to each of the parties on the attached service list at the e-mail address as last given

17       by that person on any document which he or she has filed in this action and served upon this office.

18

19 ☒    **STATE**: I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct.

20

21       Executed on April 2, 2019 at Woodland Hills, California.

22

23                                             Schirin Gargaro

24

25

26

27

28